IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


DELWIN McGEE                                              PLAINTIFF

VS.                           CIVIL ACTION NO. 5:14-cv-90(DCB)(MTP)

DOLGENCORP, LLC                                          DEFENDANT


ORDER GRANTING
MOTION IN LIMINE

This cause is before the Court on the defendant Dolgencorp, LLC ("Dolgencorp")'s Amended Motion in Limine **(docket entry 23)** to exclude from evidence at trial certain medical evidence, and to limit the introduction of medical evidence by the plaintiff Delwin McGee ("McGee").  Having carefully considered the motion (to which there has been no response by the plaintiff) and the applicable law, the Court finds as follows:

In the instant action, the plaintiff alleges injuries from a slip-and-fall in a Dollar General Store located in Pike County, Mississippi.  Specifically, McGee alleges that the fall aggravated a pre-existing back injury.

On December 18, 2015, Dolgencorp filed its first Motion in Limine to Exclude from Evidence at trial Certain Medical Evidence and to Limit the Introduction of Medical Evidence by McGee. (Docket entry 18).  On January 7, 2016, McGee filed a Motion for Leave to take a de bene esse or trial deposition of Dr. Morteza Shamsnia.  (Docket entry 19).  On January 13, 2016 a pretrial conference was held before Magistrate Judge Michael T. Parker.

Judge Parker heard argument from counsel on the parties' motions, and entered an Order on January 15, 2016. (Docket entry 21). The Order provided, in part:

> The issue currently before the Court is whether to afford the Plaintiff an extension of time to conduct the trial deposition of Dr. Shamsnia. Pursuant to the Case Management Order [5], Plaintiff's deadline to designate experts expired June 1, 2015, and the discovery deadline expired September 1, 2015. Although Plaintiff originally designated Dr. Shamsnia as an expert, he did not provide an expert report. **fn1** However, Plaintiff recently produced additional medical records to the Defendant, and asserts that Dr. Shamsnia can offer new, additional testimony regarding the Plaintiff's injuries based upon an MRI performed on October 3, 2015, and an office visit that took place on November 4, 2015. <u>See</u> Motion [19]. Plaintiff raises this issue only weeks before trial, which was set to begin in February 2016. <u>See</u> Case Management Order [5] at 3.
>
> **fn1** Pursuant to L. U. Civ. R. 26(a)(2)(D), a treating physician may not have to provide an expert report, but the opinions and facts to which the witness may testify must be disclosed. At the pretrial conference in this matter, Plaintiff's counsel represented that the doctor's deposition and/or his opinions may not be limited to the treatment records or to the opinions previously disclosed in light of the most recent treatment. Moreover, certain records from this doctor, including MRI film, have not been produced.
>
> The Defendant does not object to the deposition taking place; rather, the Defendant objects to the admissibility of the testimony at trial, arguing that Plaintiff's motion [19] requesting the out-of-time deposition of Dr. Shamsnia is untimely and without justification and should not be allowed to cover areas not previously disclosed. See Motion in Limine [18] and Response [20].
>
> Though the motion requests an out-of-time deposition, the thrust of the Plaintiff's request is that he be allowed to supplement his expert disclosures out of time. The analysis of this issue is governed by the framework set forth in <u>Geiserman v. MacDonald</u>, which directs the court to consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to

2

cure such prejudice." 893 F.2d 787, 791 (5th Cir. 1990). The Court having balanced the aforesaid factors finds that the deposition of Dr. Shamsnia should be allowed to preserve his testimony, and that the trial set in this matter should be continued.

In regard to the first factor, the Plaintiff provides scant explanation for the untimely deposition. Although the Plaintiff states that he was not aware of the new testimony until a November 4, 2015 office visit, over two months passed before he filed the motion [19] to conduct the deposition. In addition, the Plaintiff was under the obligation to provide information regarding his injuries long ago. The timing of the motion is also substantially prejudicial to the Defendant, as it has designated no expert to testify to the extent and nature of the Plaintiff's injuries, and if the existing trial date remains, they will have no opportunity to procure an expert to counter Dr. Shamsnia's testimony. These factors weigh in favor of the Defendant.

However, the other two factors weigh heavily in favor of the Plaintiff. Dr. Shamsnia's testimony regarding the Plaintiff's injuries addresses one of the central issues in this action. Moreover, any prejudice to the Defendant can be cured by continuing the trial and allowing the Defendant time to designate an expert of its own.

Accordingly, the Court orders as follows:

1. That the trial currently set in this matter is hereby continued;

2. That Plaintiff may supplement his expert designation to include any new opinions of Dr. Shamsnia;

3. That Plaintiff shall supplement his expert designations on or before January 29, 2016. The supplementation must include the information required by the Federal Rules of Civil Procedure and the Local Uniform Civil Rules;

4. That Defendant may designate an expert in response to Dr. Shamsnia's testimony, if it desires, on or before February 29, 2016;

5. That the pretrial conference in this matter is set for May 17-19, 2016, before the undersigned in Natchez, MS;

6. That this matter is set for trial during a three-week trial calender beginning June 6, 2016, and ending June 24, 2016, before Senior District Judge David Bramlette in Natchez, MS;

7. That the Plaintiff's Motion for Leave to Take De Bene Esse Deposition [19] is denied without prejudice as moot; and

8. The parties are permitted to depose the experts designated, if they so choose. The depositions held should be completed by March 7, 2016.

Order of January 15, 2016.

On April 28, 2016, the pretrial conference was rescheduled for May 10, 2016. At the pretrial conference, plaintiff's counsel offered no explanation for his failure to supplement expert designations (due by January 29, 2016), nor did he move for additional time to do so. McGee has not made any disclosures of any new opinions of Dr. Shamsnia, nor produced any additional medical information from Dr. Shamsnia. Specifically, McGee has not produced the films or reports from the MRIs performed on McGee's cervical and lumbar spines on October 3, 2015, which Dr. Shamsnia commented on in his November 13, 2015 office note. (See docket entry 19, ¶ 12). Furthermore, the plaintiff has not designated any additional medical experts, nor made any additional expert witness disclosures. McGee has made no disclosures concerning any future medical treatment recommended by Dr. Shamsnia or any other physician. (See docket entry 19, ¶¶ 14-15).

Since McGee has not made any additional disclosures concerning

Dr. Shamsnia, including no information regarding any future treatment that he may need, the defendant contends that McGee should be prohibited from putting on any evidence whatsoever at trial regarding future medical treatment and/or the cost of any future medical treatment.  The Court agrees with the defendant, especially in light of the plaintiff's complete silence on the issue.

McGee previously produced a single medical bill in the amount of $7,062.00. (Docket entry 19, ¶¶ 20-22 and Exhibit 6 thereto). Since the plaintiff has not produced any additional medical records or bills regarding past medical treatment, the defendant seeks a ruling limiting the plaintiff's evidence regarding past medical expenses to the single bill for $7,062.00 previously produced.  The plaintiff does not object, and the Court shall grant the relief requested.

McGee also previously produced 21 pages of medical records of Dr. Shamsnia, and disclosed the purported opinions of Dr. Shamsnia. The records make no mention of the treatment Dr. Shamsnia provided to McGee, nor do they contain any evidence to support many of the opinions contained in the Designation of Experts McGee served on June 1, 2015. (See Exhibit 7 to docket entry 19).  Since McGee has made no additional disclosures of any opinions of Dr. Shamsnia, nor provided any additional medical records or information from Dr. Shamsnia, especially the films and reports from the MRIs performed

on October 3, 2015, the plaintiff shall be prohibited from putting on any evidence at trial concerning the October 3, 2015 cervical and lumbar MRIs, and Dr. Shamsnia's testimony at trial shall be limited to the information and opinions, if any, contained in the 21 pages of medical records previously produced by McGee.

ACCORDINGLY,

IT IS HEREBY ORDERED that the defendant Dolgencorp, LLC's Amended Motion in Limine **(docket entry 23)** to exclude from evidence at trial certain medical evidence, and to limit the introduction of medical evidence by the plaintiff Delwin McGee, is GRANTED as follows:

(1) The plaintiff is prohibited from putting on any evidence whatsoever at trial regarding future medical treatment and/or the cost of any future medical treatment;

(2) The plaintiff's evidence regarding past medical expenses is limited to the single bill for $7,062.00 previously produced;

(3) The plaintiff is prohibited from putting on any evidence at trial concerning the October 3, 2015 cervical and lumbar MRIs, and Dr. Shamsnia's testimony at trial shall be limited to the information and opinions, if any, contained in the 21 pages of medical records previously produced by McGee.

SO ORDERED, this the 16th day of May, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE