```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


DELWIN McGEE                                          PLAINTIFF

VS.                        CIVIL ACTION NO. 5:14-cv-90(DCB)(MTP)

DOLGENCORP, LLC                                       DEFENDANT
```

ORDER

This cause is before the Court on the defendant Dolgencorp, LLC's Motion in Limine **(docket entry 34)**.  Having carefully considered the motion, the plaintiff's response, the memoranda of the parties and the applicable law, the Court finds as follows:

On June 1, 2016, the Court entered an Order continuing the trial date[1] so that the plaintiff's attorney could schedule the deposition of plaintiff's treating physician, Dr. Morteza Shamsnia. The deposition took place on July 6, 2016.  On July 12, 2016, the defendant filed its motion in limine, and attached a 50-page transcript of the deposition as well as Dr. Shamsnia's notes from his September 7, 2014, consultation with the plaintiff.

On May 16, 2016, the Court entered an Order granting Dolgencorp's Amended in limine motion to exclude and limit certain medical evidence of the plaintiff, Delwin McGee ("McGee")(Docket entry 25).  This Order limited the medical expenses that McGee could introduce into evidence at trial to the single bill of

---

[1] The trial date was initially continued to July 18, 2016, subsequently moved to July 20, 2016, and then suspended pending the outcome of the motion in limine.

$7,062.00 previously produced, prohibited McGee from putting on any evidence at trial concerning the October 3, 2015 cervical and lumbar MRIs, and limited the testimony of Dr. Shamsnia to the 21 pages of medical records produced by McGee, among other relief.

At his July 6, 2016, deposition, Dr. Shamsnia provided no testimony stating that any of the treatment he provided to McGee was causally related to any injury he allegedly suffered in his alleged fall at Dolgencorp's store on March 4, 2014.  Furthermore, Dr. Shamsnia provided no testimony stating that the treatment he provided to McGee was reasonable or necessary, or that the costs incurred for the treatment provided were reasonable and standard.

In addition, the 21 pages of medical records upon which Dr. Shamsnia was permitted to testify contained notes from only one office visit, September 7, 2014, which was the initial visit McGee made to Dr. Shamsnia.  However, Dr. Shamsnia testified that as of September 7, 2014, he had not made any determination or conclusion regarding the nature and extent of McGee's medical condition, nor the cause of the conditions.  Deposition of Dr. Shamsnia, p. 43.  The opinions provided by Dr. Shamsnia concerning the cause of any medical condition McGee has – his sleep apnea and the nerve conditions he has in his upper extremities – indicate that these particular conditions are unrelated to any trauma McGee may have incurred during his alleged fall at Dollar General.  Instead, Dr. Shamsnia testified that a contributing cause of McGee's sleep apnea

was his long-term use of pain medication. Deposition, pp. 14, 41-42. Dr. Shamsnia also testified that the likely cause of the nerve conditions in McGee's upper extremities is related to his diabetes. Deposition, pp. 24-27, 41. He further testified that there is no connection between McGee's sleep problems and any neck injury. Deposition, pp. 36-37, 43-44.

Since Dr. Shamsnia did not provide any testimony stating that the treatment he provided to McGee (addressed in the 21 pages of medical records he was permitted to testify about) was causally related to any injury suffered by McGee in his alleged fall at Dollar General, his testimony and his medical records are not admissible at trial. Furthermore, Dr. Shamsnia provided no testimony about his charges listed on the single medical bill produced by McGee in discovery. Dr. Shamsnia provided no testimony that these charges were reasonable, and no testimony that they were reasonable and necessary for the treatment provided to McGee related to injuries from the alleged fall. Therefore, the medical bill is not admissible at trial.

Defendant Dolgencorp moves for entry of an Order precluding Dr. Shamsnia's testimony, the 21 pages of his medical records, and the single medical bill, from evidence at trial.

Defendant Dolgencorp also shows that testimony was solicited from Dr. Shamsnia regarding his treatment of McGee that was not contained in the 21 pages of his medical records that he was

3

permitted to testify about, including testimony concerning the cervical and lumbar MRIs performed on McGee on October 3, 2015. This testimony is found on the following pages of Dr. Shamsnia's deposition:

Page 21, L 15 to p. 24, L 14 – testimony concerning the MRIs performed on October 3, 2015;

Page 27, L 10 to p. 29, L 10 – testimony concerning Dr. Shamsnia's progress notes other than the September 7, 2014 progress note;

Page 27, L 11-15 – testimony concerning the medication McGee is currently taking;

Page 34, L 25 to p. 36, L 16 and Exhibit "1" to Dr. Shamsnia's deposition – testimony concerning Dr. Shamsnia's office note from February 3, 2016, and the note itself, attached as Exhibit "1" to the deposition.

    The Court previously ordered that Dr. Shamsnia could not testify about any treatment of McGee that was not included in the 21 pages of his medical records, and specifically precluded him from testifying about the cervical and lumbar MRIs done in October 2015.  Dolgencorp's motion seeks preclusion of (1) the deposition testimony of Dr. Shamsnia, (2) Exhibit "1" to Dr. Shamsnia's deposition, and (3) the single medical bill from Dr. Shamsnia.

    In response, the plaintiff asserts that he is not seeking to introduce any evidence regarding future medical treatment or cost of any future medical treatment.  The plaintiff further asserts

4

that the deposition testimony of Dr. Shamsnia deals solely with the information and opinions contained in the twenty-one pages of medical records previously produced by the plaintiff.

In rebuttal, the defendant points out that McGee's February 3, 2016, visit to Dr. Shamsnia, and the record from this visit (Exhibit "1" to Dr. Shamsnia's deposition) are precluded from evidence in this case by the Court's Order of May 16, 2016, because they are not included in the twenty-one pages of medical records produced by the plaintiff.  Furthermore, the Court's Orders of May 16, 2016, and June 1, 2016, prohibit the plaintiff "from putting on any evidence at trial concerning the October 3, 2015 cervical and lumbar MRIs." (Docket entry 25, p. 6; Docket entry 31, p. 2).

Finally, the defendant points out that the plaintiff has failed to produce any evidence causally relating any treatment Dr. Shamsnia provided to McGee (contained in the 21 pages of medical records) to the alleged incident at the Dollar General store.  The 21 pages of Dr. Shamsnia's medical records at issue contain one office visit (September 7, 2014).   Dr. Shamsnia testified, unequivocally, that at the point and time he saw McGee on September 7, 2014, he had not made any decision regarding the nature and extent of McGee's claimed injuries or, more importantly, the cause of these claimed injuries.

As noted in Dr. Shamsnia's records and deposition, McGee previously injured his lumbar spine in 1995, had surgery, and has

been on Social Security disability as well as on medical pain management for his lumbar spine since the surgery. Furthermore, McGee had other medical conditions – hypertension, diabetes, sleep apnea – that were not related to any alleged injury suffered in the incident at issue. Shamsnia Deposition, pp. 39-44.

Since Dr. Shamsnia made it clear that he had not made any determination of cause of any of McGee's injuries in the 21 pages of medical records at issue, Dr. Shamsnia's testimony, along with the 21 pages of medical records and the single medical bill from Dr. Shamsnia, must be precluded from evidence at trial.

Accordingly,

IT IS HEREBY ORDERED that the defendant Dolgencorp, LLC's Motion in Limine **(docket entry 34)** is GRANTED in its entirety as set forth herein.

SO ORDERED, this the 25th day of July, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE