IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


DELWIN McGEE                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 5:14-cv-90(DCB)(MTP)

DOLGENCORP, LLC                                          DEFENDANT


ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the defendant Dolgencorp, LLC's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 **(docket entry 39)**.  Having carefully considered the motion, the plaintiff's response, the memoranda of the parties and the applicable law, the Court finds as follows:

The plaintiff, Delwin McGee ("McGee"), alleges in his Complaint that he slipped and fell on applesauce in a Dollar General store in McComb, Mississippi, and was injured.  McGee's Complaint seeks damages for alleged physical injuries, pain and suffering, and medical expenses.  Dolgencorp moves for summary judgment on grounds that McGee has no admissible evidence of any actual damages.

McGee's Complaint seeks damages for alleged physical injuries, pain and suffering, and medical expenses.  Dolgencorp asserts that it is entitled to summary judgment because McGee has no admissible evidence demonstrating any causal relationship between his alleged fall and any alleged injury or damage he incurred as a result thereof.

McGee filed his Complaint in state court on June 16, 2014. Dolgencorp removed the case to this Court on October 17, 2014, on diversity of citizenship grounds, having learned on September 18, 2014, that the plaintiff was seeking in excess of $75,000 in damages.  McGee alleged in his Complaint that on or about March 4, 2014, he was a customer in a Dollar General store in McComb, Mississippi, when he slipped and fell on applesauce on the floor and was injured.  See Complaint, ¶¶ 4-5.  McGee claimed he suffered an injury to his lower back, and contended he was entitled to damages for physical injuries, pain and suffering, and medical expenses.  Dolgencorp removed the case to this Court on October 17, 2014.  On January 15, 2015, the Court entered a Case Management order setting McGee's expert witness deadline for June 1, 2015, a discovery deadline of September 1, 2015, and a trial date on this Court's February 2016 calendar.

On December 18, 2015, Dolgencorp filed a motion in limine to limit the medical and damage information McGee could introduce at trial.  The motion outlines McGee's discovery deficiencies.  See Docket Entry 18.  On January 13, 2016, Magistrate Judge Parker held a pre-trial conference in Natchez.  At the conference, Magistrate Judge Parker ordered that McGee would be allowed to supplement his expert witness designations and medical and damage evidence, and provided that the supplementation was to be completed before January 29, 2016.  See Docket Entry 21.  Magistrate Judge Parker

also reset the trial from the February 2016 term to the Court's June 2016 term.  See id.  When January 29, 2016 passed and McGee did not supplement his expert or damage disclosures, Dolgencorp, on March 22, 2016, filed an amended motion in limine to exclude certain medical and damage evidence at trial.  See Docket Entry 23.

Magistrate Judge Parker held a second pre-trial conference in Natchez on May 10, 2016.  Following the conference, on May 16, 2016, the Court entered an Order granting Dolgencorp's amended motion in limine to exclude and limit some of McGee's medical evidence.  This Order limited the medical expenses that McGee could introduce into evidence at trial to the single bill of $7,062.00, which he had previously produced in discovery.  It also prohibited McGee from putting on any evidence at trial concerning his October 3, 2015, cervical and lumbar MRIs.  Finally, it limited the testimony of McGee's physicians to the 21 pages of medical records which McGee had produced in discovery.  See Docket Entry 25.

On May 25, 2016, McGee filed a Motion to take the deposition of Dr. Shamsnia.  See Docket Entry 26.  The Court granted McGee's Motion on June 1, 2016, allowing him to take Dr. Shamsnia's deposition out-of-time, and continued the trial of this case a second time, resetting the trial for July 18, 2016.  See Docket Entry 31.  By agreement of the Court and the parties, the July 18, 2016 trial date was moved to July 20, 2016.  See Text Entry of June 7, 2016.

During Dr. Shamsnia's deposition, which took place on July 6, 2016, the doctor provided no testimony that any of the treatment he provided to McGee was causally related to any injury McGee allegedly suffered in his alleged fall at Dolgencorp's store on March 4, 2014.  The doctor also provided no testimony that the treatment he provided to McGee, or the costs of said treatment, were reasonable or necessary.  Dr. Shamsnia also testified that, by the time he treated McGee, as reflected in the 21 pages of medical records, he had not determined the nature, extent or cause of McGee's medical condition.

Dr. Shamsnia did not relate any of his treatment, contained in the 21 pages of medical records the Court allowed him to testify about, to McGee's alleged fall at Dolgencorp's store on March 4, 2014.  On July 12, 2016, Dolgencorp filed a motion in limine to exclude all testimony, records, and bills of Dr. Shamsnia.  See Docket Entry 34.

On July 13, 2016, the Court entered an Order continuing the July 20, 2016 trial setting.  See Docket Entry 35.  The Order stated, in part:

> With the trial date one week from today, and no response to the motion yet filed, the Court finds that the trial should be rescheduled yet again.  The motion in limine, if granted, could result in the exclusion of Dr. Shamsnia's records and bills from evidence, based on the lack of any testimony by Dr. Shamsnia that his treatment of the plaintiff was causally related to any injury he allegedly suffered at an alleged fall in the defendant's store, and the lack of any testimony by the doctor that the treatment he provided was reasonable or necessary, or

that the costs incurred for the treatment provided were reasonable and standard.  Furthermore, Dr. Shamsnia stated that he had not made any determination or conclusion regarding the nature and extent of the plaintiff's medical condition, nor the cause of his conditions.  In short, the Court is reluctant to call in a jury with the threshold issues of causation yet to be addressed.

See Docket Entry 35.  On July 25, 2016, after Dolgencorp's latest in limine motion was fully briefed, the Court entered an Order granting Dolgencorp's motion, excluding from evidence at trial all of Dr. Shamsnia's testimony, his twenty-one pages of medical records, and his single medical bill.  See Docket Entry 38.  As a result of this ruling, McGee has no medical evidence, or other competent evidence, establishing that he suffered any injury as a result of the alleged fall.

Now pending before the Court is Dolgencorp's Motion for Summary Judgment.  Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); Graham v. Hodge, 69 F.Supp.3d 618, 624 (S.D. Miss. 2014).  "Summary Judgment is mandatory 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  Id. at 625 (quoting Brown v. Offshore Specialty Fabricators, Inc., 663 F.3d 759, 766 (5th Cir. 2011); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

"Merely proving that an accident occurred is not sufficient to prove liability; instead, a plaintiff must show that the owner or operator of the business was negligent." Penton v. Boss Hoggs Catfish Cabin, LLC, 42 So.3d 1208, 1210 (Miss.Ct.App. 2010)(citations omitted).  The plaintiff "must produce sufficient evidence of the essential elements of a claim of negligence - duty, breach, causation, and damages." Wilson v. Wal-Mart Stores, Inc., 161 So.3d 1128, 1131 (Miss.Ct.App. 2015).  Proximate cause is an essential element in an action for negligence. Welford v. Thomley, 2012 WL 3264555, *1 (S.D. Miss. Aug. 8, 2012).

McGee seeks three categories of damages in his Complaint: physical injury to his lower back, pain and suffering in his lower back, and medical expenses.  As set forth in more detail below, the plaintiff has no competent evidence to show that any of these claimed injuries or damages are causally related to his incident at Dollar General.

The first claim for damages in McGee's Complaint is for medical expenses for an alleged back injury.  Complaint, ¶ 7. Pursuant to this Court's Order of May 16, 2016, the only evidence of medical treatment or medical expenses McGee could introduce at a trial is a medical bill of $7,062.00 from Dr. Shamsnia, twenty-one (21) pages of medical records from Dr. Shamsnia, and Dr. Shamsnia's testimony related to those records.  See Docket Entry 25.  However, pursuant to this Court's Order of July 25, 2016, all

testimony and evidence of McGee's treating physicians regarding McGee's alleged back injury, including Dr. Shamsnia's medical bill, medical records, and testimony, have now been excluded from evidence, as well.  <u>See</u> Docket Entry 38.  Therefore, since McGee cannot present any evidence of any medical treatment or medical expenses, he cannot recover any damages for same.

The next damages claim in McGee's Complaint is for an alleged physical injury to his back.  Complaint, ¶ 7.  The Court's Order of July 25, 2016 precludes McGee from putting on any medical evidence to support his physical injury claim.  The only potential evidence McGee could provide is his own testimony.  However, the law is clear that a "lay witness may not testify as an expert and give expert testimony as to the character or extent of a personal injury which he has sustained."  <u>Dennis v. Prisock</u>, 221 So.2d 706, 710 (Miss. 1969).  As a lay person, McGee is not qualified to testify about the medical diagnosis of his back injury or any necessary treatment thereof.  He is also not competent to testify about his own medical prognosis or treatment, or medical causation.  Such testimony must be given by a medical expert.  <u>See</u> <u>Welford v. Thomley</u>, 2012 WL 3264555 at *5; <u>Graves v. Graves</u>, 531 So.2d 817, 822 (Miss. 1988).  Since McGee cannot put on any medical evidence at trial regarding his physical injury claims, and he is not competent to testify regarding the cause of any physical injury or condition he may have, he cannot meet the causation element of his

negligence claim regarding any alleged personal injury he suffered
from the alleged incident.

McGee's final claim for damages is for alleged pain and
suffering in his lower back.  Complaint, ¶ 7.  However, McGee
cannot present any competent evidence that his alleged pain and
suffering is the result of any physical injury.  In Mississippi, it
has long been established that, to recover damages for pain and
suffering, a plaintiff must relate that pain and suffering to an
actual physical injury.  See <u>M.&A. Motor Freight Lines, Inc. v.
Villere</u>, 1 So.2d 788 (Miss. 1941).  In <u>Villere</u>, the Court found
improper a jury instruction that failed to relate the plaintiff's
alleged pain and suffering to a physical injury.  The Court
explained that:

> For the same reason, we shall not review any of the
> instructions except two given for the plaintiff.  The
> first is as follows: "The court instructs the jury that
> if you believe from a preponderance of the evidence in
> this case that the plaintiff is entitled to recover
> herein, then in assessing damages you may take into
> consideration the pain and suffering of the plaintiff,
> his mental anguish, if any, the bodily injuries sustained
> by him, his pecuniary loss, if any, his loss of power and
> capacity for work, if any, and its effect upon his
> future, if any."  In view of the necessity for a reversal
> of the case, it is not inappropriate to point out that
> <u>the serious defects in this instruction include the
> failure to relate any pain and suffering causally to
> physical injury, which in turn must be causally and
> proximately related to the negligence which is the basis
> of liability</u>, and to require that all findings both as to
> liability and as to injuries be based upon a
> preponderance of the evidence.  Such instruction, even
> when so reformed, is not proper unless other instructions
> predicate liability upon such acts of negligence as have
> been set forth in the declaration and developed by the

evidence.  <u>McDonough Motor Express v. Spiers</u>, 180 Miss. 78, 176 So. 723, 177 So. 655; <u>Graham v. Brummett</u>, 182 Miss. 580, 181 So. 721.

<u>Villere</u>, 1 So.2d at 790 (emphasis added).

The plaintiff's claims for pain and suffering, without admissible evidence that he suffered any personal injury as a result of the subject incident, are analogous to the claims for emotional distress damages that have been rejected under Mississippi law where there is no evidence of any physical injury, nor medical evidence to support a claim that the alleged emotional distress is causally related to the alleged incident.  See <u>Simonton v. Moore</u>, 38 So.2d 94, 96 (Miss. 1948)(holding that an award for mental suffering was not allowed absent a connection with a physical injury); <u>American Bankers' Insurance Co. v. Wells</u>, 819 So.2d 1196 (Miss. 2001)(holding that a plaintiff cannot recover emotional distress damages as a result of negligence, absent proof of physical manifestation of injury or demonstrable physical harm); <u>Marchbanks v. Dolgencorp, Inc.</u>, 2008 WL 5050136, *8 (N.D.Miss. 2008)(dismissing claim for emotional distress damages where plaintiff had no medical proof that her depression and difficulty sleeping were triggered by the alleged incidents).

In this case, McGee has no evidence he will be able to submit to a jury demonstrating that he suffered any injury to his lower back as a result of the incident at Dollar General.  Furthermore, it is without dispute that McGee had suffered an injury to his

lower back prior to the alleged incident at Dollar General, which required surgery, and for which he was seeking treatment for pain prior to and at the time of said incident at Dollar General. Mississippi law is clear that one cannot recover for emotional distress founded on negligence without proof of a physical injury. McGee has no such proof here; and, without proof of a physical injury caused by the incident at Dollar General,  he cannot recover for his pain and suffering.  Accordingly, his pain and suffering claim must be dismissed.

McGee has no evidence of any medical treatment or medical expenses, so he cannot recover any damages for same.  He is not qualified to testify about any physical injury to his back, and he has no competent evidence that any alleged back injury was causally related to the incident at issue.  Thus, he cannot recover any damages for any alleged physical injury to his back.  Finally, since he has no admissible evidence that he suffered any injury as a result of an incident at Dollar General, he cannot prove he incurred any pain and suffering as a result thereof.  Since McGee has no evidence he suffered any injury or damages as a result of the incident, he cannot meet his burden of proof on the causation element of his negligence claim against Dolgencorp.  Therefore, Dolgencorp's Motion for Summary Judgment must be granted, and McGee's lawsuit must be dismissed with prejudice.

Accordingly,

IT IS HEREBY ORDERED that the defendant Dolgencorp, LLC's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 **(docket entry 39)** is GRANTED.

A Final Judgment dismissing this cause with prejudice shall be entered of even date herewith.

SO ORDERED, this the 12th day of October, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE